[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13544
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60002-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW ATIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 14, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Andrew Atias appeals his 151-month sentence and supervised release conditions after pleading guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). On appeal, Atias first contends that his sentence is procedurally unreasonable because the district court erred by considering the guideline range to be "presumptively reasonable." Second, he asserts that his sentence is procedurally unreasonable because the court failed to consider the factors in 18 U.S.C. § 3553(a) or his sentencing arguments, and failed to adequately explain the sentence. Third, Atias argues that the internet and computer restrictions included in his supervised release are procedurally and substantively unreasonable. For the reasons that follow, we affirm.

I.

The evidence showed that Atias possessed, and was held accountable for, over 37,000 images of child pornography, which included images of babies, toddlers, and young children being raped by adult males, as well as other sadistic and masochistic conduct involving young children. At sentencing, Atias requested a variance based on his age (52 years); he also disagreed with the policies underlying the child pornography guidelines, and argued that they resulted in substantial base-offense level enhancements in most cases. He also objected to two recommended supervised release conditions: a prohibition against using a

2

computer with internet access without court approval and a prohibition against possessing and using a computer without court approval.

At sentencing, the district court noted the "horrific" and "unthinkable" nature of the images Atias possessed, and that the victims' suffering never ended. The court also stated: "I do view the Guidelines as presumptively reasonable," but acknowledged that it departed on many occasions depending on the 18 U.S.C. § 3553(a) factors. The court found that a 151-month sentence at the low end of the advisory guideline range was reasonable, and imposed a 20-year term of supervised release that included the internet and computer restrictions. Atias made a general objection to the reasonableness of the sentence.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden of proving that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). An argument raised for the first time on appeal may be reviewed for plain error. *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010) (per curiam). The purpose of the plain error rule is "to enforce the requirement that parties lodge *timely* objections to errors at trial so as to provide the district court with an opportunity to avoid or correct any error, and thus avoid

3

the costs of reversal and a retrial." *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007) (emphasis in original).

To establish plain error, an appellant must show "that there was an (1) error (2) that is plain and (3) that affects substantial rights." *Bacon*, 598 F.3d at 777 (internal quotation marks omitted). If these elements are present, we may exercise our discretion to notice an unpreserved error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). In order to be plain, the error must be clear "under controlling precedent or in view of the unequivocally clear words of a statute or rule." *United States v. Schmitz*, 634 F.3d 1247, 1270–71 (11th Cir. 2011) (internal quotation marks omitted). To demonstrate that an error affected a substantial right, the appellant must show "a reasonable probability of a different result but for the error." *United States v. Rodriguez*, 627 F.3d 1372, 1382 (11th Cir. 2010) (internal quotation marks omitted). When the effect of an error on the district court's result is uncertain or indeterminate, however, the appellant has not met his burden. *Id.*

To be procedurally reasonable, the district court must properly calculate the guideline range, treat the Guidelines as advisory, consider the § 3553(a) factors, not consider clearly erroneous facts, and adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentencing court may not automatically presume that the applicable guidelines range is reasonable. *Nelson v. United*

4

*States*, 555 U.S. 350, 352, 129 S. Ct. 890, 892 (2009). "If a district court applies the guidelines as though they were mandatory or treats the range as presumptively reasonable, that is procedural error." *United States v. Hill*, 643 F.3d 807, 880 (11th Cir. 2011), *cert. denied,* 132 S. Ct. 1988 (2012).

Here, because Atias did not specifically object to the district court's purported application of a formal "presumption" in favor of the guideline range, we review this issue for plain error. Although the court's statement that the Guidelines were presumptively reasonable constitutes an error that is plain, Atias fails to demonstrate that the error affected his substantial rights, as there is no indication in the record that the district court would have otherwise granted his request for a variance below his low-end sentence.

III.

As noted above, to be procedurally reasonable, the district court must properly calculate the guideline range, treat the Guidelines as advisory, consider the § 3553(a) factors, not consider clearly erroneous facts, and adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Here, the district court's acknowledgment that it had considered the § 3553(a) factors and the parties' arguments is sufficient; the court does not need to "state on the record that it has explicitly considered each of the [§] 3553(a) factors or to discuss each of the [§] 3553(a) factors." *Talley*, 431 F.3d at 786 (internal quotation marks omitted).

5

When a case is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments," a brief statement regarding the reasons for imposing a particular sentence is legally sufficient. *Rita v. United States*, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007). Furthermore, "[n]o member of this [c]ourt has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).

Here, the district court specifically stated that it had considered the parties' arguments and the § 3553(a) factors. The court commented on the seriousness of the crime charged—the images and videos found on Atias's computer were "horrific" and involved young children. *See United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005) (finding the district court adequately addressed the § 3553(a) factors when it considered "'all the obvious things that you would normally take in consideration,' particularly, 'the age of the child.'"); *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998) (holding that district court adequately considered the § 3553(a) factors when it "cited defendant's demonstrated violence and . . . all the other considerations that went in to the establishment of this defendant's sentence." (alterations in original) (internal

6

quotation marks omitted)). The court adequately explained the reasons for the sentence; no further explanation was needed.

IV.

We review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam). We find an abuse of discretion only when there is a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." *Id.* (alterations in original) (internal quotation marks omitted).

A district court may impose any condition of supervised release it deems appropriate as long as it comports with the § 3553(a) factors, involves no greater deprivation of liberty than reasonably necessary to achieve the purposes set forth in § 3553(a), and is consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* When imposing special conditions on supervised release, a district court must consider the nature and circumstance of the offense, the history and characteristics of the defendant, the need for adequate deterrence, and the need to protect society at large. U.S.S.G. § 5D1.3(b). Each factor is an independent consideration to be weighed, and as such, a special condition need not be supported by each factor. *United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009). Although a condition of supervised release should not unduly restrict a

defendant's liberty, a condition is not invalid just because it affects the ability to exercise a constitutionally protected right. *Taylor*, 338 F.3d at 1283. In addition, "[c]onditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors." *United States v. Nash,* 438 F.3d 1302, 1307 (11th Cir. 2006) (per curiam) (quoting *Taylor*, 338 F.3d at 1285).

In *United States v. Zinn*, we upheld a three-year internet restriction, noting that the defendant could access the internet after obtaining permission from his probation officer. 321 F.3d 1084, 1092–93 (11th Cir. 2003). In discussing the restriction, we noted the "strong link between child pornography and the Internet, and the need to protect the public, particularly children, from sex offenders." *Id.* at 1092. We also noted that the Fifth Circuit had upheld a complete ban on internet usage. *Id.*

In *Moran*, we again upheld a three-year internet restriction while on supervised release, prohibiting the use of an internet-connected computer without prior approval. 573 F.3d at 1136, 1140–41. We noted that, "[a]lthough the internet provides valuable resources for information and communication, it also serves as a dangerous forum in which an offender can freely access child pornography and communicate with potential victims." *Id.* at 1140.

As noted above, the district court considered the parties' arguments and the § 3553(a) factors, and adequately explained the sentence, such that Atias has failed

8

to show that the court's imposition of the computer and internet restrictions was procedurally unreasonable.  Furthermore, the imposition of those restrictions was not substantively unreasonable, as Atias still may petition the court for approval to use either a computer or the internet, and the restrictions were related to the "horrific" and "unthinkable" nature and circumstances of the offense, as well as the need for deterrence and public protection.

**AFFIRMED.**