[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15291
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00276-JDW-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CURTIS SCHARMBERG,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 26, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

On February 1, 2011, Robert Scharmberg, having plead guilty to bank robbery, 18 U.S.C. § 2113(a), was sentenced in the U.S. District Court for the District of Utah, to a prison term of 48 months to be followed by a 36 months' term of supervised release.  Following his release from prison, the District of Utah transferred supervision of his supervised release to the Middle District of Florida. On August 6, 2014, a District Judge there terminated his supervised release for admittedly using crack cocaine and sentenced him to prison for 90 days followed by a 33 months' term of supervised release.[1]

Back on supervised release, Scharmberg resumed using crack cocaine and, after he admitted as much to the District Court, it revoked his supervised release and sentenced him to prison for a term of 18 months to be followed by a six months' term of supervised release.  A "special condition of supervision" is that "[t]he defendant shall have no contact whatsoever with his mother or aunt without prior approval of the Probation Officer."  Scharmberg appeals, arguing that the court committed plain error in imposing the special condition because: (1) it was not supported by the record; (2) his original crime of bank robbery and violations of supervised release based on drug use were not related to having contact with his mother and aunt; (3) the special condition is more restrictive than reasonably necessary; and (4) the condition is unconstitutional.

---

[1] Scharmberg appealed the District Court's decision.  *United States v. Scharmberg*, Appeal No. 14-13729.  He voluntarily dismissed the appeal on February 13, 2015.

Normally, we review the terms of a supervised release for abuse of discretion and review constitutional issues *de novo*. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).  However, if a party fails to present his argument to the district court, we review it for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  Plain error occurs when there is (1) an error, (2) that is plain, and (3) that affects substantial rights.  *Id*.  If the first three elements are met, we "may exercise discretion to correct a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or pubic reputation of judicial proceedings." *Id*. (quotations omitted).  "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this court directly resolving it."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Under 18 U.S.C. § 3583(d), the District Court was required to impose a number of conditions on Scharmberg's term of supervised release. 18 U.S.C. § 3583(d).  In addition, the court could "order . . . any other condition it consider[ed] to be appropriate," but only "to the extent that such condition –

> (1) is reasonably related to the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent

3

> policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)

*Id.* The relevant § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to: (1) afford adequate deterrence to criminal conduct; (2) protect the public from further crimes of the defendant; and (3) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Special conditions of supervised release need not be related to each of the relevant § 3553(a) factors. *United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009). Instead, each factor is an independent consideration to be weighed. *Id.* Making a special condition subject to the probation officer's approval is a "relatively narrowly-tailored condition" that prevents a restriction from being "overly broad." *United States v. Zinn*, 321 F.3d 1084, 1093 (11th Cir. 2003).

We have upheld special conditions of supervised release that were not directly related to the defendant's offense of conviction. In *Moran*, we upheld a number of conditions on the defendant's supervised release that were typical conditions imposed for sex offender cases, even though the defendant was convicted of possession of a firearm by a convicted felon. 573 F.3d at 1135. There, the defendant had two prior convictions for sex-related offenses, including

4

one involving a four-year-old girl; he had been arrested, but not charged, several times for sexual crimes against his wife and child; and he violated the conditions of his supervised release for a prior conviction by living with his girlfriend and her minor daughter.  *Id*. at 1135-36.

"[F]reedom of personal choice in matters of . . . family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment." *Smith v. Organization of Foster Families for Equality and Reform*, 431 U.S. 816, 842, 97 S.Ct. 2094, 2108, 53 L.Ed.2d 14 (1977).  "[A]lthough a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *Moran*, 573 F.3d at 1139 (quotation omitted).

Scharmberg fails to establish that the District Court committed plain error. First, the condition limiting his contact with his mother and aunt during his term of supervised release is related to the § 3553(a) factors – his criminal history, characteristics, and protecting the public, namely his mother and aunt. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D); 18 U.S.C. § 3583(d).  While the special condition was not related to his initial bank robbery conviction, his two violations of supervised release were drug-related and he obtained the money to buy the drugs from his mother and aunt.  In addition, the special condition did not involve a greater deprivation of liberty than reasonably necessary because it still allowed

5

him to have contact with his mother and aunt if his probation officer approved. The special condition is not invalid solely because it affects his ability to exercise his constitutional right as to that choice.

Even if there was error, Scharmberg does not cite to, and we do not find, any binding precedent indicating that a ban on contact with a parent and relative without approval for the duration of supervised release is a substantively unreasonable condition or is unconstitutional.

AFFIRMED.