[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13911
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80033-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE LEE MOREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Clarence Lee Moree appeals his sentence for three counts of attempting to smuggle aliens into the United States for profit, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). On appeal, Moree asserts the special conditions to his supervised release were not justified. Specifically, Moree contends the special condition requiring him to attend sex offender treatment is not justified because his only prior sex offense occurred twenty years ago and thus is too remote in time. Moree similarly claims he should not be required to attend substance abuse treatment because there is no evidence indicating he has used cocaine since 2002.

"We review the imposition of special conditions of supervised release for abuse of discretion." *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009). We will find an abuse of discretion "only if we have a 'definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached.'" (alteration in original) (quoting *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003)). A "district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a)." *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003). When imposing special conditions on supervised release, a district court must consider the history and characteristics of the defendant, as well as what conditions best provide for adequate punishment and rehabilitation of the

defendant, protect society at large, and accomplish the purposes of sentencing. U.S.S.G. § 5D1.3(b); 18 U.S.C. § 3583(c). Each factor is an independent consideration to be weighed, and as such, a special condition need not be supported by each factor. *Moran*, 573 F.3d at 1139.

The Sentencing Guidelines identify special conditions of supervised release that a district court may order, including that a defendant participate in substance abuse treatment and mental health treatment. U.S.S.G. § 5D1.3(d)(4), (5). District courts may impose these conditions to address prior unrelated crimes. *United States v. Bull*, 214 F.3d 1275, 1276–78 (11th Cir. 2000). We have previously found that a prior conviction dating back nine years is not too remote to support a special condition of supervised release and that other factors, such as failure to register as a sex offender or residing with a minor after being convicted of lewd and lascivious activity with a minor, may negate a defendant's argument that an offense is too remote to be considered for special conditions. *Moran*, 573 F.3d at 1139.

We conclude the district court did not abuse its discretion by imposing special conditions on Moree's supervised release. Moree's psychological evaluation and referral to a sex offender treatment program just months before his sentencing rebuts his assertion that the prior conviction was too remote to support

3

the condition. The record demonstrates the district court considered the § 3553(a) factors and found that, based on Moree's history and the public interest, evaluation for sex offender treatment fulfilled the goals of sentencing. Further, given Moree's history and characteristics, including his past drug convictions and drug use, evaluation for substance abuse treatment is a reasonable condition that seeks to adequately rehabilitate the defendant. The district court did not commit a clear error in judgment, and we accordingly affirm the special conditions on Moree's supervised release.

**AFFIRMED.**