[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 15, 2010
JOHN LEY
CLERK

No. 09-15557
Non-Argument Calendar

_____

D. C. Docket No. 08-21170-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MANUEL GOMEZ-LUCIO,
a.k.a. Angel Manuel Gomez-Luciani,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Angel Manuel Gomez-Lucio pled guilty to failure to comply with the terms

of his supervised release[1] by entering an exclusion zone and failing to register as a sex offender, as required under 8 U.S.C. § 1253(b). He appeals the district court's imposition of a one-year term of supervised release with nine accompanying special conditions.[2] In particular, he argues that the district court abused its discretion because (1) it had not provided him with notice that it would impose additional conditions on his supervised release, (2) his prior sex offense[3] was too remote in time as it occurred approximately 20 years before the instant offense, (3) it was impermissible to add the additional sex offender conditions to his supervised release when the instant offense did not involve a sex crime, and (4) the additional conditions were unnecessary because there was no evidence he was a sexually dangerous person and he was already supervised through the ISAP.

---

[1] The original term of supervised release was imposed in addition to a 20-year sentence of incarceration resulting from Gomez-Lucio's conviction for sexual assault of a minor in New Jersey. After serving nearly fourteen years of the twenty-year sentence, Gomez-Lucio was released from the New Jersey Department of Corrections, then ordered removed in 2002, and remanded to the custody of the Department of Homeland Security Immigration and Customs Enforcement Office ("ICE") in 2003. In January 2008, ICE flew Gomez-Lucio from New Jersey, where he had been detained, to Miami, where it released him subject to the following conditions: (1) he reside at a particular residential facility; (2) he attend a sexual offender outpatient treatment program for three years and comply with treatment recommendations; (3) he register as a sexual offender; and (4) he participate in the Intensive Supervision Release Program ("ISAP"). The ISAP was not available nationwide at the time of Gomez-Lucio's release, and Miami, Florida was the closest ISAP location to his family's residence in New Jersey.

[2] Gomez-Lucio does not challenge the district court's imposition of a sentence of time-served. He had been hospitalized for ten months in a mental health facility to restore his competency.

[3] In 1989, he was convicted of aggravated sexual assault of a five-year-old girl.

2

We review the imposition of special conditions of supervised release for abuse of discretion. United States v. Moran, 573 F.3d 1132, 1137 (11th Cir. 2009). We will reverse only if we have a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." Id. (internal quotation marks omitted).

The district court may impose supervised release if a defendant is convicted of a misdemeanor. 18 U.S.C. § 3583(a); U.S.S.G. § 5D1.1. In fashioning the conditions of supervised release, the district court must consider what conditions best accomplish the purposes of sentencing. 18 U.S.C. § 3583(c). The court must consider the history and characteristics of the defendant, provide adequate punishment and rehabilitation of the defendant, and protect society at large. Id.; see also id. § 3553(a). "[I]t is not necessary for a special condition to be supported by each factor enumerated in § 3553(a). Rather, each is an independent consideration to be weighed." Moran, 573 F.3d at 1139 (citations omitted). Although "a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." Id.

Moran forecloses Gomez-Lucio's two main arguments on appeal: (1) that he was entitled to notice prior to the district court's imposition of special conditions of

supervised release to address his proclivity to sexual misconduct when his crime of conviction did not involve sexual activity; and (2) that the district court abused its discretion in imposing numerous special conditions on his supervised release. 573 F.3d at 1134. Moran held that the district court, in sentencing a defendant for being a felon in possession of a firearm, did not abuse its discretion by requiring the defendant, who was a convicted sex offender, to participate in a sex offender treatment program or comply with any of the other special conditions (which are also present in Gomez-Lucio's case). Id. at 1139-41. The requirement that the defendant attend sex offender treatment was proper because (1) it addressed a prior sex offense, even if it was not related to the offense of conviction, and (2) there was no evidence that the program was unduly burdensome, as the defendant was not required to continue treatment if treatment providers did not believe it was necessary. Id. at 1139. The district court did not abuse its discretion in imposing these additional conditions in Moran because: (1) all sex offenders, regardless of the date of their offense, are required to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16913(a); (2) the limitations that prohibited direct contact with minors and restricted his access to sources of child pornography promoted rehabilitation, protected the public, and were not unduly restrictive; and (3) the court had the discretion to require the

4

defendant to submit to reasonable searches under 18 U.S.C. § 3583(d).

Applying <u>Moran</u>, Gomez-Lucio was not entitled to notice. Similarly, while Gomez-Lucio's present offense did not involve a sexual offense *per se*, it suggested a potential risk for committing such an offense because he failed to register[4] as a sex offender as required, and he entered into exclusion zones[5] that he, as a sex offender, was prohibited from entering. <u>Moran</u>, 573 F.3d at 1139-40 (holding that defendant's previous conviction for a sexual offense ten years prior was not too remote when defendant was discovered in an exclusion zone with a minor soon after his release from prison and had failed to register, as required, as a sex offender). There was also no evidence that the treatment program was unduly burdensome, as the court ordered that it not duplicate the ISAP, which Gomez-Lucio was already required to attend as a condition of his previous term of supervised release.[6] Likewise, the court did not abuse its discretion in imposing

---

[4] Gomez-Lucio initially registered as a sex offender upon his arrival in Miami in January 2008. He failed to re-register, as required, prior to his birthday in May 2008 and failed to obtain an identification card, as required, from the Florida Department of Motor Vehicles.

[5] The exclusion zones were identified as schools, daycare centers, or any facility providing for the care of children. Gomez-Lucio had been provided with a map that identified the exclusion zones in his area, and his tracking device contained this information and tracked his location in real-time. He repeatedly ignored text messages sent to his tracking device indicating that he had entered exclusion zones and thus was in violation, and he failed to charge his tracking device.

[6] The Guidelines recommend that a district court require, as a special condition of supervised release, that the defendant participate in a mental health treatment program if it has "reason to believe that the defendant is in need of psychological or psychiatric treatment."

the other special conditions because he was statutorily required to register as a sex offender;[7] the other limitations[8] promoted rehabilitation, protected the public, and were not unduly restrictive; and the court was within its statutory discretion to require him to submit to reasonable searches.[9]

**AFFIRMED.**

---

U.S.S.G. § 5D1.3(d)(5).

[7] The district court did not abuse its discretion by requiring Gomez-Lucio to register as a sex offender because he was required to do so under the Sex Offender Registration and Notification Act, which requires a sex offender to register in each jurisdiction where he resides, is employed, or is a student. 42 U.S.C. § 16913(a). Because federal law requires a sentencing court to "order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision[,]" 18 U.S.C. § 3583(d), Gomez-Lucio's failure to register under the Act and the applicable Florida law, Fla. Stat. § 943.0435, would have violated this mandatory condition of supervised release.

[8] The other limitations imposed on Gomez-Lucio were: (1) he shall have no unsupervised personal, mail, telephone or computer contact with minors under the age of 18; (2) he cannot be employed in a job requiring contact with children under the age of 18; (3) he shall not be involved in a children or youth organization; (4) he shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct; and (5) he shall not correspond or communicate in person, by mail, telephone or computer with individuals or companies offering to buy, sell, trade, exchange or produce visual depictions of minors or adults engaged in sexually explicit conduct.

[9] Under 18 U.S.C. § 3583(d), a sentencing court has discretion to

order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property . . . and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct.

Based on evidence that Gomez-Lucio had violated the terms of his supervised release, the district court did not abuse its discretion by imposing the condition.