[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12973
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60226-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL JOSEPH LECHNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 18, 2016)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Carl Joseph Lechner pleaded guilty to possessing a firearm after a felony conviction. The district court sentenced Lechner to sixteen months of imprisonment and to three years of supervised release. The district court then conditioned the supervised release on Lechner's participation in a sex offender treatment program. Lechner preserved his objection to, and now appeals, the condition. We affirm.

Under 18 U.S.C. § 3583(d)(1), a district court may impose a condition of supervised release if the condition "is reasonably related to" any of several factors in 18 U.S.C. § 3553(a). One such factor is "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Citing both Lechner's admission of possessing child pornography and testimony during sentencing that Lechner sexually assaulted a minor, the district court conditioned Lechner's supervised release on his participation in a sex offender treatment program. We review for abuse of discretion the district court's imposition of the condition and "reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *See United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (internal quotation marks omitted).

Lechner argues first that the condition is not related to his conviction. Squarely foreclosing this argument, *Moran* rejects a defendant's argument that the condition of participation in a sex offender treatment program is not related to his

2

conviction for possessing a firearm after a felony conviction.  *See Id.* at 1139 ("Moran argues that the special condition is not related to his conviction, but we have approved of mental treatment to address unrelated prior crimes.").  Second, arguing that he was not convicted for the alleged sexual assault, Lechner attempts to create a requirement that, when imposing a condition based on the "history and characteristics of the defendant," a district court consider only a conviction. *See* 18 U.S.C. § 3553(a).  No such requirement exists.  *See United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000) (citing not only convictions but "other incidents involving threats and violence" in affirming a condition that the defendant "participate in mental health treatment for anger and violence").

The district court did not abuse its discretion in conditioning Lechner's supervised release on participation in a sex offender treatment program.

**AFFIRMED.**

3