[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12294
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60352-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA MAXWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 4, 2018)

Before TJOFLAT, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joshua Maxwell appeals his sentence for carjacking, in violation of 18 U.S.C. § 2119(1), which included special conditions of supervised release.  On appeal, Maxwell argues that the District Court abused its discretion in imposing special conditions of supervised release requiring him to participate in a sex-offender treatment program and preventing him from having unsupervised contact with minors, contact with minors in employment, and involvement in youth organizations, because the conditions are not reasonably related to the instant offense and involve a greater deprivation of liberty than is reasonably necessary to deter criminal activity, protect the public, and promote rehabilitation.

We review the imposition of special conditions of supervised release for abuse of discretion.  *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009). We will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in its conclusion.  *Id.*

A court may impose a special condition of supervised release to the extent that the condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and

2

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission.  18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)–(D).  It is not necessary for a special condition to be supported by each factor enumerated in § 3553(a).  *Moran*, 573 F.3d at 1139.  Rather, each is an independent consideration to be weighed.  *Id.*

We conclude that the District Court did not abuse its discretion in imposing these special conditions on Maxwell's release.  During sentencing the Court heard testimony that Maxwell had received less than two years of psychological treatment prior to his carjacking offense, and that he failed to report his sex-related convictions to the psychologist during his treatment.  Thus, although Maxwell's sex-related convictions were a decade old at the time of his sentencing for carjacking, he never received psychological treatment related to his sexual misconduct with a minor.  Hence, the District Court had a reasonable basis upon which to conclude that psychological examination and treatment related to that offense was appropriate, and that the related restrictions on interacting with minors were justified.[1]  We therefore conclude that the District Court's decision was reasonably related to Maxwell's history and characteristics, the need to protect the

---

[1] We acknowledge, as did the Government at sentencing, that neither the parties nor the Court had enough information to know whether Maxwell's mental state at the time of sentencing warranted imposition of the restrictions imposed by the Court.  Perhaps the wiser course of action would have been to first order a mental examination and then to impose special conditions afterwards if necessary.  But in light of our case law and our deference to the District Court's discretion, we are not left with the definite and firm conviction that the Court committed a clear error of judgment in imposing those conditions.  *See Moran*, 573 F.3d at 1137.

public, and the need to provide Maxwell with needed medical care and correctional treatment.  18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)–(D).

These restrictions were not greater than was reasonably necessary to effectuate those goals.  Maxwell's prior convictions stemmed from sodomizing a child under the age of twelve on more than one occasion.  Limiting Maxwell's contact with minors and simultaneously requiring him to undergo sex-offender treatment are not disproportionate measures in light of the heinous nature of Maxwell's prior conduct.  Nor are the restrictions necessarily absolute: Maxwell can still interact with minors under supervision and he may seek permission from the U.S. Probation Office if he wishes to make unsupervised contact with minors.  Finally, Maxwell's treatment requirement is not necessarily indefinite, as he will be required to undergo follow-up treatment only if his care provider determines that additional treatment is necessary.

Our conclusion is buttressed by this Court's previous decision in *Moran*.  In *Moran*, we upheld special supervised-release conditions related to potential sexual misconduct, rejecting the argument that the conditions were inappropriate because there was no reasonable relationship between the conditions and the defendant's instant conviction for being a felon in possession of a firearm.  *Moran*, 573 F.3d at 1134–35.  Ten years before his felon-in-possession conviction, Moran had been convicted for a lewd and lascivious act on a child under 16 and sexual assault and

4

had been arrested three times for sexual crimes against his wife and child. *Id.* at 1135–36. Moran was also living with his girlfriend and her minor daughter after failing to register as a sex offender under state law. *Id.* at 1135. Accordingly, the District Court imposed special conditions of supervised release, requiring that Moran, among other things, participate in a sex-offender mental-health program and refrain from contact with minors without probation-office approval. *Id.* at 1136.

We held that the District Court had properly imposed these special conditions. *Id.* at 1139–41. We concluded that the Court did not abuse its discretion in ordering the defendant to participate in a sex-offender mental-health program because the defendant was a convicted sex offender, had a documented history of sex-related offenses, and treatment could assist him in avoiding similar future misconduct, which would protect the public. *Id.* at 1139. We rejected the argument that ten-year-old sex-crime convictions were too remote in time to be relevant and noted that the defendant was discovered in a household containing a minor female after failing to register as sex offender under state law. *Id.* Applying plain-error review, we further concluded that the defendant's previous incidents involving minor victims justified a special condition prohibiting direct contact with minors, since it promoted rehabilitation and protected the public. *Id.* at 1140.

Although *Moran* is distinguishable from the instant case because Moran's sexual misconduct was more extensive than Maxwell's and Moran failed to register as a sex offender (which Maxwell was not required to do), this Court's decision did not turn solely on the number of offenses or facts suggesting continuing problems.  Instead, our decision rested largely on whether the District Court's imposition of sex-offender-based restrictions was reasonably related to rehabilitating Moran and protecting the public.  *See id.* at 1139 ("Treatment could assist Moran in avoiding similar future misconduct, which would protect the public.").  We think the latter is the proper inquiry in this case as well, and, based upon Maxwell's prior sexual-misconduct convictions and the uncertainty surrounding his mental state at the time of his sentencing for carjacking, the District Court's imposition of sex-offender restrictions on his release was reasonably related to his rehabilitation and the public's protection.

**AFFIRMED.**