[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14240
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00131-JB-B-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRICK DONELL BELCHER,
a.k.a. Little Larry,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 11, 2020)

Before WILLIAM PRYOR, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Darrick Donell Belcher appeals the district court's modification of the terms of his supervised release to include sex-offender treatment, three internet and computer restrictions, and sex-offender registration.  Because we find no abuse of discretion in the court's additional terms, we affirm.

## I.

Belcher pled guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  He was sentenced to 57 months' imprisonment and 6 years' supervised release.

After Belcher was released from prison and began serving his supervised-release term on that conviction, the Probation Office petitioned for modification of the terms of Belcher's supervised release to include five new special conditions:  (1) that he "shall participate in sex offender treatment . . . as directed by the probation office"; (2) that he not possess or use a computer with access to any online computer service at any location (including employment) without the permission of the probation office; (3) that he consent to periodic, unannounced examinations of any internet-capable device; (4) that he cooperate with the probation office's computer and internet monitoring program, which included allowing access to all internet-capable devices for installation of monitoring software, a requirement that he inform others using his device that it is subject to monitoring, possible limitations on the number of internet-capable devices he may possess, and random examinations of his

devices; and (5) that he register as a sex offender in compliance with the Sex Offender Registration and Notification Act ("SORNA"). It did so because of Belcher's 2004 conviction for second-degree sexual abuse against a 12-year-old.

At a hearing on the Probation Office's petition, the government stated that the requested special conditions had become "standard routine practice from the United States Probation Office" in cases involving prior sexual offenses, although the government clarified that these conditions were not standard practice when Belcher was sentenced.

After hearing argument from both parties, the court stated that it would impose the requested conditions because of the need to balance the potential risk posed by Belcher's prior sex offense. It stated that the conditions would not prevent Belcher from using internet-capable devices but would require monitoring and coordination with the probation office. In addition, the court opined that the conditions would improve the odds of Belcher's successful transition back into the community and decrease his risk to the public. The court also noted that it had considered the 18 U.S.C. § 3553(a) factors, and the terms were standard for someone with a prior sex offense.

## II.

We review a special condition of supervised release for an abuse of discretion, so long as the objection was properly preserved for appeal. *United States v. Dodge*,

3

597 F.3d 1347, 1350 (11th Cir. 2010).  Abstract or general objections about the conditions of supervised release are not enough to properly preserve an objection for appeal and are reviewed for plain error.  *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015).  A condition of supervised release may be reversed for plain error only if we conclude (1) an error occurred, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding.  *Id.*  For an error to be plain, the appellant must point to some controlling authority that directly supports his argument.  *See id.* at 1238-39.  On appeal, the defendant abandons issues not "plainly and prominently" raised in his initial brief, even if he properly preserved them in the district court.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

The district court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration of the term of supervised release.  18 U.S.C. § 3583(e)(2).  A district court may impose special conditions of supervised release, so long as they are reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for adequate deterrence, to protect the public, and to provide any needed training or treatment.  18 U.S.C. § 3583(d); *see also id.* § 3553(a)(1), (a)(2)(B)-(D).  The conditions must also involve no greater deprivation of liberty than is reasonably necessary for achieving

those purposes and be consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* § 3583(d)(2), (3). In addition, the conditions imposed do not have to be based on the present offense, as long as they are reasonably related to the factors noted above. *See United States v. Moran*, 573 F.3d 1132, 1135, 1139-41 (11th Cir. 2009).

We have previously upheld internet and computer restrictions as conditions of supervised release for sex offenders. We upheld a one-year ban on all internet access as a condition of supervised release where the defendant had previously violated the conditions of supervised release by communicating with other convicted sex offenders via the internet, and his underlying conviction for possession of child pornography involved images obtained from the internet. *United States v. Tome*, 611 F.3d 1371, 1376-77 (11th Cir. 2010).

But we have also upheld restrictions on internet and computer access for sex offenders even when the defendant did not use the internet to commit the offense. *See Moran*, 573 F.3d at 1135-36, 1140-41. In *Moran*, we found that the internet "serves as a dangerous forum in which an offender can freely access child pornography and communicate with potential victims" and that the restriction requiring a probation officer's permission to access the internet was not unduly restrictive. *See id.* at 1140-41. Moreover, we upheld the internet restriction in *Moran* based on the defendant's previous no-contest plea to committing a lewd and

5

lascivious act on a child under the age of 16, even though that conduct was unrelated to his present term of supervised release for his felon-in-possession-of-a-firearm conviction. *See id.* at 1135, 1140-41.

Here, we find no abuse of discretion in the district court's imposition of the five modified special conditions of supervised release. Belcher made only general objections to the first modified special condition, regarding sex-offender treatment, so we review for plain error. And since Belcher has not pointed to any on-point controlling authority showing that the district court erred, we affirm.

While Belcher has preserved his objections to modified special conditions two through four, the internet and computer restrictions, the district court did not abuse its discretion in imposing those conditions. Belcher previously committed a sex offense, and the special conditions are reasonably related to the court's stated basis for imposing them: protecting the public. And significantly, while accounting for this § 3553(a) factor, the conditions still allow Belcher to use the internet for legitimate reasons with probation office permission and monitoring. Finally, Belcher does not challenge the fifth modified special condition, requiring sex-offender registration, and he has abandoned any argument against it.

**AFFIRMED.**

6