[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10627
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00392-TFM-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEON LANDRUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 3, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Joseph Leon Landrum appeals his 11-month sentence imposed upon revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). Landrum contends his sentence is substantively unreasonable and the district court abused its discretion by imposing a condition of supervised release that prohibits him from having contact with his girlfriend. After review,[1] we affirm.

## I. DISCUSSION

### A. Sentence

Before imposing a sentence upon revocation of supervised release, the district court is required to consider several factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). The court shall impose a sentence sufficient, but not greater than necessary, to comply with the need for the sentence imposed to deter criminal conduct, protect the public, and provide the defendant with needed educational, vocational, medical, or other correctional treatment. *Id.* §§ 3553(a)(2)(B)-(D), 3583(e). In addition, the district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, the pertinent policy statements of the

---

[1] We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Reasonableness review "merely asks whether the trial court abused its discretion" based on the "totality of the circumstances." *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (quotations omitted). We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).

Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim.  *Id.* §§ 3553(a)(1), (4)-(7), 3583(e).

A district court abuses its discretion when it: (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Although the district court must consider all the applicable § 3553(a) factors, it does not have to give all of them equal weight and it may in its sound discretion attach "great weight to one factor over others."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotations omitted).

Landrum's 11-month sentence is reasonable.  The record demonstrates the district court considered the § 3553(a) factors, as it discussed the severity and history of Landrum's domestic violence offenses, and discussed the importance of Landrum respecting the conditions of supervised release.  This last factor is particularly salient because Landrum had violated his supervised release twice before.  The district court also discussed Landrum's health needs, specifically directing him to have mental health counseling as a condition of supervised release.  Finally, the term of imprisonment was within the Guidelines range, which is another factor weighing in favor of reasonableness.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining although we do not automatically

3

presume a sentence falling within the advisory Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable).  Accordingly, we affirm as to this issue.

B.  *Special Condition*

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.  18 U.S.C. § 3583(d)(l)-(3); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).  Each relevant § 3553(a) factor is weighed independently, so it is not necessary for a special condition to be supported by each factor.  *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010).

A district court may, in its discretion, impose conditions of supervision including that a defendant "refrain . . . from associating unnecessarily with specified persons." 18 U.S.C. § 3563(b)(6).  The right of association may be restricted where "doing so is necessary to protect the public."  *United States v.*

*Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009) (quotations omitted) (holding the

district court did not plainly err in restricting defendant's contact with minors

without written approval of the probation officer where he had previous incidents

involving minors).

The district court did not abuse its discretion by giving a no-contact

condition.  In revoking his supervised release, the court specifically found that

Landrum struck his girlfriend, Shantae Harris.  That, combined with the previous

domestic incident with Harris, shows a reasonable relation between the offense and

condition of release.  *See* 18 U.S.C. § 3583(d)(1)-(3).  Such an order protects the

victim in this case, Harris.  *See Moran*, 573 F.3d at 1140.  It is also not a greater

deprivation of liberty than reasonable because, while it restricts his ability to see

Harris, with his history of domestic violence in general, and his history of domestic

violence against Harris in particular, it is needed to protect her from future abuse.

Although Landrum testified he did not strike Harris, and Harris later denied

being struck by Landrum, the district court appears to have found Mobile Police

Department Officer Paul Lee more credible, as the court specifically found that

Landrum had struck Harris.  *See United States v. Clay*, 376 F.3d 1296, 1302 (11th

Cir. 2004) ("We accord great deference to the district court's credibility

determinations." (quotations omitted)).  Also, while Landrum and Harris desire to

maintain their relationship, their relationship status does not change the fact that

5

Landrum has been violent against Harris multiple times, even though they are dating. Moreover, Landrum's involvement with Harris has been the subject of two separate violations of Landrum's supervised release. Because one of Landrum's violations of his supervised release was his domestic violence against Harris and he violated the terms of his previous term of supervised release by harassing and threatening Harris, the condition of release is reasonably related to the offense and not more restrictive than reasonably necessary.

## II.  CONCLUSION

The district court's imposition of an 11-month sentence was reasonable as the district court properly weighed the relevant factors, including Landrum's prior violations of supervised release and his medical needs. Additionally, the district court did not abuse its discretion by ordering Landrum not to have contact with Harris because of his history of domestic violence in general and his history of violence against Harris in particular. Accordingly, we affirm.

**AFFIRMED.**