[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10413

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACKIE BERNARD HARVEY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20222-FAM-1

————————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jackie Harvey appeals the district court's reimposition of a special condition of his supervised release that prohibits him from possessing or exchanging visual depictions of sexually explicit conduct involving adults. After careful review of the record and the parties' briefs, we vacate the special condition and remand for further proceedings.

## I.

In July 2018, Harvey was convicted in federal court of failing to register as a sex offender, stemming from prior convictions for enticing a child for indecent purposes, and sentenced to 27 months in prison to be followed by a life term of supervised release. We affirmed his sentence on appeal. *United States v. Harvey*, 824 F. App'x 889 (11th Cir. 2020). Harvey was released from prison in March 2020, and he began serving the life term of supervision.

In February 2022, the district court revoked Harvey's supervised release and sentenced him to 24 months' imprisonment. The court also reimposed the life term of supervised release with the same conditions as previously imposed. In doing so, the court overruled Harvey's objection to a special condition of supervised release that prohibited him from possessing or exchanging any visual depictions of adults engaged in sexually explicit conduct.

Harvey appealed both his sentence and the adult-pornography special condition.  We vacated the sentence and remanded for resentencing because the court appeared to base its choice of sentence in part on an erroneous interpretation of an underlying state statute.  We declined to consider Harvey's challenge to the special condition at that time.  But we noted some ambiguity in the record about whether the court viewed the condition as necessary, inviting further explanation "should the court choose to reimpose that condition on remand." *United States v. Harvey*, No. 22-10610, 2022 WL 16646564, *4 (11th Cir. Nov. 3, 2022).

The district court held a resentencing hearing on remand in January 2023.  At the hearing, the government conceded that the condition was more intrusive than necessary in light of the other conditions of release, including internet restrictions.  The probation officer recommended that the condition remain imposed because "defendants who are participating in sex offender treatment agree to restrictions of viewing . . . sexually explicit material" as "part of the therapeutic process."  The government replied that Harvey would be required to comply with any conditions of his sex-offender treatment, so a separate pornography condition was unnecessary.

The district court asked for defense counsel's views before quickly interjecting that it was "going to impose it" in light of the probation officer's comments, stating that "[i]t's just better to stay away from that, at least initially," when undergoing treatment.  The

court indicated that Harvey "could always modify the lifetime supervised release or reduce it" in the future.

Harvey objected that the special condition lacked a "sufficient nexus to the defendant and to the crime charged." The district court disagreed, stating that probation was "correct in doing that and that's why every other defendant waives it in order to get the treatment." Accordingly, the court sentenced Harvey to 18 months' imprisonment and reimposed the same conditions of supervised release. This appeal followed.

## II.

We review the imposition of a special condition of supervised release for an abuse of discretion.[1] *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009). Generally, "we will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *Id.* (cleaned up).

---

[1] The government's argument for plain error review is unconvincing, and it has not adequately briefed an argument that Harvey's challenge is barred by another doctrine or principle. Even if we agree there is a "difference between imposition and reimposition of a special condition," the government cites no authority for its claim that Harvey *forfeited* his current challenge, which he raised and argued below, by failing to object when the condition was first imposed at his original sentencing. As our mandate confirmed, the district court retained discretion to reimpose the adult-pornography special condition when resentencing Harvey, and the court exercised that discretion over Harvey's objection. Because the issue was properly preserved below, we review for an abuse of that discretion.

In sentencing a defendant, the district court may impose any condition of supervised release that (a) "is reasonably related" to the history and characteristics of the defendant and the sentencing goals of deterrence, protection of the public, and rehabilitation; (b) "involves no greater deprivation of liberty than is reasonably necessary" to accomplish those goals; and (c) is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3583(d)(1)–(3); *see* 18 U.S.C. § 3553(a)(1), (2)(B)–(D); U.S.S.G. § 5D1.3(b). To be reasonably related, a condition need not be "supported by each factor enumerated in § 3553(a)," which merit "independent consideration." *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003). And while "a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *Id.*

Here, the district court abused its discretion in imposing the adult-pornography special condition. Apart from Harvey's commission of child enticement in 1997, the court did not suggest there was anything particular about Harvey's history and characteristics that warranted prohibiting his possession of legal pornography involving adults.[2] Rather, the court imposed the condition because, according to the probation officer, "defendants who are

---

[2] Harvey was convicted in 1997 of exposing his penis to his nephews, ages seven and nine, and attempting to force them to perform oral sex on him. He also has convictions for failure to register as a sex offender. But the record does not indicate any connection between these offenses and pornography.

participating in sex offender treatment" as a component of their supervised release "agree to restrictions of viewing . . . sexually explicit material" as "part of the therapeutic process."

However, the special condition as written goes well beyond prohibiting adult pornography insofar as such a ban remains a requirement of Harvey's sex-offender treatment. Instead, the condition imposes a lifetime ban on such materials regardless of Harvey's treatment status, even if it remains subject to later modification. *See* 18 U.S.C. § 3583(e). As the government noted below, Harvey is already subject to severe restrictions on internet or computer access, and he would be required in any case to comply with any conditions of his court-ordered sex-offender treatment, including any conditions restricting the viewing of legal pornography. And the district court identified no other reason warranting its lifetime ban on such materials.

In sum, neither the district court's reasoning nor the record more generally supports a conclusion that the adult-pornography condition as written "involves no greater deprivation of liberty than is reasonably necessary" for the purposes of sentencing. *See* 18 U.S.C. § 3583(d)(2). We therefore vacate that condition and remand for further proceedings.

**VACATED AND REMANDED.**