[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13854

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM ROSS KING, III,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00006-WWB-EJK-1

————————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

William King, III appeals the district court's imposition of a special condition of supervised release prohibiting him from incurring new credit charges, opening additional lines of credit, or making obligations for any major purchases. He alleges that the condition is not reasonably related to the 18 U.S.C. § 3553(a) factors and involves a deprivation of liberty that is greater than reasonably necessary.

We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Taylor*, 997 F.3d 1348, 1352 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation marks and citation omitted). A finding is clearly erroneous when we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation marks and citation omitted).

When setting special conditions of supervised release, the district court "must consider what conditions best accomplish the purposes of sentencing." *United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009). A district court may order conditions that: "(1) are reasonably related to the nature and circumstances of the offense,

23-13854                 Opinion of the Court                 3

history and characteristics of the defendant, and the needs for adequate deterrence, to protect the public, and to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the Sentencing Commission." *Taylor*, 997 F.3d at 1353 (citing 18 U.S.C. § 3583(d)(1)-(3); U.S.S.G. § 5D1.3(b)); *see also* 28 U.S.C. § 3553(a) (listing the same factors). Special conditions are not unreasonably restrictive when they are "tempered by reasonable exceptions." *United States v. Etienne*, 102 F.4th 1139, 1147 (11th Cir. 2024).

The Sentencing Guidelines recommend special conditions prohibiting defendants from incurring new credit charges or opening additional lines of credit in cases where restitution is ordered. U.S.S.G. § 5D1.3(d)(2). The Guidelines further provide that these conditions "may otherwise be appropriate in particular cases." *Id.* § 5D1.3(d). By statute, restitution is mandatory in cases involving child-pornography offenses. 18 U.S.C. § 2259(a).

Here, the district court did not abuse its discretion in ordering a special condition prohibiting King from incurring new credit charges, opening additional lines of credit, or making obligations for major purchases without prior approval from the probation officer. The condition is reasonably related to the 18 U.S.C. § 3553(a) factors, including the nature of King's offense, King's history, and his characteristics. The district court imposed it to ensure his compliance with other conditions of his supervised release. *See Taylor*,

997 F.3d at 1353.  King was convicted of a child-pornography of-fense that involved the use of electronic devices and, as the district court explained, the condition was set to ensure King would com-ply with the prohibition on possessing or using electronic devices. King's history—which includes a prior offense involving possession of child pornography on a cell phone, convictions for various sex crimes, and an established prurient interest in children and child pornography that King admitted he has difficulty controlling—fur-ther demonstrates the utility of the credit condition in facilitating his compliance with the electronics ban.  The special condition also is not unnecessarily restrictive because King can use credit after ob-taining permission from the probation officer.  *See Etienne*, 102 F.4th at 1147.

Moreover, the Sentencing Guidelines recommend imposing financial conditions in cases where restitution is ordered.  U.S.S.G. § 5D1.3(d)(2).  Although the district court deferred determining the amount of restitution, restitution was ordered, and it is statutorily mandated in cases like King's.  18 U.S.C. § 2259(a).

Finally, to the extent King contests the condition's imprecise wording for the first time on appeal, this challenge fails because the condition is "undeniably related" to the 18 U.S.C. § 3553(a) factors and is sufficiently specific to inform King that he is prohibited from incurring new credit charges, opening additional lines of credit, or making obligations for major purchases, such as electronic devices, without prior approval from the probation officer.  *See Etienne*, 102

F.4th at 1145 (quotation marks and citation omitted). Consequently, the credit condition is not impermissibly "overbroad." *Id.*

In sum, the district court did not abuse its discretion in prohibiting King from incurring new credit charges, opening additional lines of credit, or making obligations for major purchases without prior approval from the probation officer.

**AFFIRMED.**