[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14990
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00115-SCJ-LTW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 23, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Adrian Stephens appeals the district court's modification of the conditions of his supervised release to require that he stay at a halfway house for six months. Stephens contends that this requirement involved a greater deprivation of liberty than was reasonably necessary. After careful review, we affirm.

We review the modification of supervised release under 18 U.S.C. § 3583(e) for an abuse of discretion. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing modification of conditions of probation, under 18 U.S.C. § 3563, for an abuse of discretion); *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) ("We review the imposition of special conditions of supervised release for abuse of discretion."). When reviewing for an abuse of discretion, we generally will reverse only if we are left with a definite and firm conviction that the district court has made a clear error in judgment. *Moran*, 573 F.3d at 1137.

Under 18 U.S.C. § 3583(e)(2), district courts have the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," after considering certain factors listed in 18 U.S.C. § 3553(a). The § 3553(a) factors to be considered include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to provide adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant

2

with educational or vocational training, medical care, or other correctional treatment; (6) the kinds of sentences and the sentencing range established for the defendant's offense, (7) any pertinent policy statements; (8) the need to avoid unwarranted sentence disparities; and (9) the need to provide restitution. *See id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

In modifying a defendant's supervised-release conditions, a district court may impose a special condition to the extent it is (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the sentencing goals of deterrence, protection of the public, and rehabilitation; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protection of the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(l)–(3); *see* 18 U.S.C. § 3583(e)(2) (modifications may be made pursuant to "the provisions applicable to the initial setting of the terms and conditions of post-release supervision" in § 3583(d)). To extent that those three conditions are met, the court may impose "any condition set forth as a discretionary condition of probation in § 3563(b)." 18 U.S.C. § 3583(d). Section 3563(b) allows a court, in its discretion, to require that a defendant "reside at, or participate in the program of, a community corrections facility," such as a halfway house. 18 U.S.C. § 3563(b)(11).

3

Here, the district court did not abuse its discretion in modifying Stephens's conditions of supervised release to require that he spend six months at a halfway house. *See Moran*, 573 F.3d at 1139–40. Stephens does not dispute that the condition is reasonably related to the pertinent § 3553(a) factors, but he argues that the requirement was not reasonably necessary to accomplish the purposes of sentencing. The court reasonably could have required more intensive counseling and treatment, Stephens contends, but placing him in a halfway house is unreasonable because it will make it more difficult for him to receive outpatient treatment for alcohol abuse and to maintain full-time employment.

However, the district court reasonably concluded, in light of Stephens's history and characteristics, that requiring him to spend some time in a halfway house was necessary to accomplish the goals of rehabilitation and protection of the public. *See* 18 U.S.C. § 3583(d)(2). Although Stephens was employed and was participating in counseling, he also had a number of supervised-release violations involving the use or abuse of alcohol. Two prior violations involved the use of alcohol in connection with driving, which plainly poses a threat to the public. Later, Stephens was found lying in his driveway, intoxicated and asleep, and the violation giving rise to this appeal likewise involved the use of alcohol. The court

4

reasoned that, based on these prior violations, Stephens was at risk of ending up back in prison and that he would benefit from a more controlled environment.[1]

Moreover, the district court took into account Stephens's concerns when imposing the special condition. Specifically, the court based its modification decision on assurances from the government and the Probation Office that the halfway house was willing to work with Stephens to ensure that he was able to continue his group therapy and maintain his employment. The record therefore does not indicate that the court committed a clear error of judgment in modifying the conditions of his supervised release. *See Moran*, 573 F.3d at 1137. Accordingly, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**

---

[1] Stephens does not argue that rehabilitation was an improper factor for the court to consider in ordering him to reside at the halfway house, so we do not reach any issue in that regard. *Cf. United States v. Vandergrift*, 754 F.3d 1303, 1309–10 (11th Cir. 2014) (holding that the district court erred in considering rehabilitation when it sentenced the defendant to 24 months' imprisonment upon the revocation of supervised release).