[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11021
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20159-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2019)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Washington was convicted of possessing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B), after he admitted to using internet file-sharing networks to view child pornography. The district court sentenced him to sixty months' imprisonment, followed by ten years of supervised release. In January of 2017, Mr. Washington completed his custodial sentence and began his term of supervised release. His supervised release included the following special conditions, among others:

> **Computer Modem Restriction** - The defendant shall not possess or use a computer that contains an internal, external or wireless modem without the prior approval of the Court.
>
> **Computer Possession Restriction** - The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment.

D.E. 57 at 4.

After a probation officer filed a petition to revoke his supervised release for violating the computer-use conditions, Mr. Washington admitted to using a computer containing an internal wireless modem in connection with a GED program without approval from the court. The district court determined that Mr. Washington violated his conditions of supervised release and reinstated his terms of supervised release with an additional condition—GPS monitoring for a year. Mr. Washington now challenges the constitutionality of the computer-use conditions.

2

We generally review the district court's imposition of a condition of supervised release for abuse of discretion. *See United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009). But because Mr. Washington failed to object to his conditions of supervised release in the district court, we only review his challenge for plain error. *Id.*

To demonstrate plain error, a defendant must show that there is "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal quotations and citations omitted). An error is plain when it is "contrary to . . . on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotation omitted). Generally speaking, "'there can be no plain error where there is not precedent from the Supreme Court or this Court directly resolving [the issue].'" *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)).

To prevail on appeal, "[Mr. Washington] must show that some controlling authority clearly established that the court erred in imposing the challenged conditions." *United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015). In

our view, he cannot do so. "[We] have uniformly upheld conditions prohibiting defendants convicted of sex offenses from accessing a computer or the internet for the duration of their supervised release." *Id.* (citing *United States v. Tome,* 611 F.3d 1371, 1375–78 (11th Cir. 2010); *United States v. Moran*, 573 F.3d 1132, 1140–41 (11th Cir. 2009); *and United States v. Taylor*, 338 F.3d 1280, 1284–85 (11th Cir. 2003) (per curiam)). *See also United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). For example, in *Carpenter,* 803 F.3d at 1237–40, we concluded that the district court did not plainly err by imposing a condition of supervised release that prohibited the defendant from using a computer, for life, without court approval.

Mr. Washington argues that the Supreme Court's more recent decision in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), establishes that such computer-use conditions are unconstitutional. In *Packingham*, the Supreme Court considered whether a North Carolina statute that prohibited registered sex offenders from accessing certain social media websites was unconstitutional. *See id.* at 1733–34. The Supreme Court held that the statute violated the First Amendment. *See id.* at 1738.

The Supreme Court in *Packingham* considered dissimilar issues and did not "directly resolv[e]" whether conditions like those imposed on a person like Mr. Washington are constitutional. *See Lange*, 862 F.3d at 1298. One material distinction is that the North Carolina statute at issue in *Packingham* prohibited all

4

registered sex offenders from using certain social media websites—including those "who already ha[d] served their sentence and [were] no longer subject to the supervision of the criminal justice system." *Packingham*, 137 S. Ct. at 1737. By comparison, Mr. Washington's computer-use conditions were part of his supervised release. *See United States v. Knights*, 534 U.S. 112, 119 (2001) (noting that defendants on supervised release may enjoy less freedom than those who have finished serving their sentences).[1] Moreover, the statute invalidated in *Packingham* was not tailored to any particular offender or offense—unlike the computer-use conditions imposed by the district court. *See Packingham*, 137 S. Ct. at 1733–34, 1740–41. The statute in *Packingham* barred all registered sex offenders from using social media websites, including the defendant, who was convicted of taking indecent liberties with a child in 2002. *See id.* at 1734. Mr. Washington, on the other hand, admitted to using the internet to view and share child pornography.

For these reasons, the Supreme Court's decision in *Packingham* does not directly resolve whether the computer-use restrictions imposed by the district court are unconstitutional, and Mr. Washington cannot establish plain error.

---

[1] Most circuits to address this issue have concluded that "[t]he Supreme Court's recent decision in *Packingham* . . . does not make the error plain because [the computer-use] condition [was] imposed as part of [the defendant's] supervised-release sentence and is not a post-custodial restriction[.]" *United States v. Rock*, 863 F.3d 827, 831 (D.C. Cir. 2017). *See also United States v. Halverson*, 897 F.3d 645, 658 (5th Cir. 2018); *United States v. Browder*, 866 F.3d 504, 511 n.26 (2d Cir. 2017). *Cf. United States v. Holena*, 906 F.3d 288, 294–95 (3d Cir. 2018) (concluding, under an abuse of discretion standard, that computer-use conditions were contradictory and vague and raised First Amendment concerns under *Packingham*).

The district court's judgment is affirmed.

**AFFIRMED.**