[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12955

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PRESTON HESTER, JR.,
a.k.a. Preston Clayton Hester, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cr-60051-WPD-1

_____

Before NEWSOM, MARCUS, Circuit Judges, and LAWSON,* District Judge.

PER CURIAM:

Preston Hester pleaded guilty to failing to register as a sex offender. The district court sentenced him to 21 months in prison, followed by a five-year term of supervised release. Hester challenges the procedural and substantive reasonableness of his sentence. We affirm.

I

Hester pleaded guilty to statutory rape in 2014 and, consequently, is required to register as a sex offender. He failed to do so, was arrested and indicted, and pleaded guilty to failing to register as sex offender in violation of 18 U.S.C. § 2250.

The district court deferred sentencing and ordered a presentence investigation report, which provided a base criminal-offense level of 14 and a Guidelines imprisonment range of 21–27 months. The PSR also provided five years as the Guidelines term of supervised release, recommended a fine schedule, and suggested 14 separate special conditions of supervision.

Hester objected to the PSR on several grounds. First, he objected to the length of his supervised release and to the suggested

---

* Honorable Hugh Lawson, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

fine.  Next, Hester objected to the following special conditions of supervision: (1) the requirement to make a co-payment on the recommended mental-health treatment, (2) the requirement to attend an anger-management/domestic-violence treatment program, (3) the prohibition against him having an encryption program on his computer, (4) the total ban on contact with minors, (5) the ban on his future involvement in children's organizations, (6) the mandate that he complete a sex-offender-treatment program, and (7) the prohibition against him possessing adult pornography.

Hester also objected to the "Adam Walsh Act Search Condition," which would require him to submit to periodic, unannounced searches.  In that objection, Hester requested that "the Three Level Tier system contained in [the] Adam Walsh Act . . . be set forth in the [PSR] and that the appropriate Tier level for [him] be set forth."  Hester acknowledged that, elsewhere, the PSR classified him as a Tier II sex offender.  Nonetheless, he asserted that being notified of that calculation "is as important to [him] as any other special condition" because his tier-level classification would determine "the length of the search condition."

At the sentencing hearing, the district court granted Hester's objections to the fine and the prohibition on possessing adult pornography.  The court then denied Hester's remaining objections and his request for a downward departure and imposed a bottom-of-the-Guidelines sentence of 21 months' imprisonment, to be followed by five years' supervised release.

Hester appeals, protesting that his sentence is both procedurally and substantively unreasonable.  First, he contends that it is procedurally unreasonable because the district court failed to determine his proper base-offense level under SORNA's tier classifications.  Second, he asserts that it is substantively unreasonable because several of the special conditions of his supervised release are not reasonably related to proper sentencing factors and involve a greater deprivation of liberty than is reasonably necessary to achieve the purposes of sentencing.

## II

We begin with Hester's procedural-reasonableness challenge.  A sentence "may be procedurally unreasonable if," for example, "the district court improperly calculates the Guidelines range." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam).  Hester insists that's what happened here.  He claims that the district court failed to properly determine his SORNA tier classification, which directly affects a defendant's base-offense level.  *See* U.S.S.G. § 2A3.5(a).

## A

Ordinarily, we would review the sentence's procedural reasonableness for abuse of discretion.  *See United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010).  But if Hester "did not object to the procedural reasonableness at the time of his sentencing, we review for plain error" only.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Hester contends that he properly challenged his base-offense level at the sentencing hearing.  And, to be sure, Hester requested "that the appropriate tier level . . . be set forth."  Sent'g Tr. at 9.  But he did so in the context of "[o]bjection number 11" to the PSR, *id.*,—an objection that pertained only to the PSR's "Paragraph 128," which outlined the "Adam Walsh Act Search Condition," Def.'s Objs. to PSR at 6.  Hester's counsel stated that specifying the tier level mattered because it would determine "the length of the search condition" and because "[t]he tier system will say how long he basically stays on the Sex Offender Registry."  Sent'g Tr. at 10.  But he never linked the tier-level classification to his base-offense level, which was provided in the PSR's Paragraph 12—an altogether different section of the PSR.

"[T]o preserve an objection to his sentence for appeal," a defendant "must raise that point in such clear and simple language that the trial court may not misunderstand it."  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (quotation marks omitted).  An issue is not preserved for appeal when "the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory."  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).

Hester brought up his tier-level calculation at sentencing, but he did so for an entirely different purpose—to determine how long he'd have to remain on the Sex Offender Registry.  Because Hester never objected to his base-offense calculation, and because the objection he did raise was "substantively different from the

6                          Opinion of the Court                    20-12955

argument [he] now raises" on appeal, our review is for plain error only. *Ramirez-Flores*, 743 F.3d at 821.

## B

To prevail on plain-error review, Hester "must demonstrate (1) that the district court erred; (2) that the error was 'plain'; and (3) that the error affected his substantial rights." *Vandergrift*, 754 F.3d at 1307 (cleaned up). "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *Ramirez-Flores*, 743 F.3d at 822. "If all three conditions are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Vandergrift*, 754 F.3d at 1307 (cleaned up).

Hester contends that "it was error for the district court to fail to determine [his] proper base offense level at sentencing." Appellant's Reply Br. at 4. And, to be clear, a total failure to determine a defendant's base-offense level would constitute a "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007).

But that's not an accurate description of what happened here. The district court explicitly adopted the PSR's total-offense-level calculation of 12, implicitly adopting its base-offense-level calculation of 14. What's more, defense counsel expressly agreed at sentencing that the calculation was correct. Hester cites no authority to suggest that the district court must independently explain how it arrived at the defendant's offense level when the calculation

provided in the PSR is explicitly endorsed by defense counsel.[1] Accordingly, any error was not "plain." *See Ramirez-Flores*, 743 F.3d at 822.

In any event, even if the district court had plainly erred, Hester failed to argue in his opening brief that any error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."). To be sure, in his reply brief he asserted that the alleged error affected his substantial rights because "his base offense level would have been 12 instead of 14 which would have resulted in a lower sentence." Appellant's Reply Br. at 5. But that "argument[] come[s] too late." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014). "Arguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) (per curiam). Therefore, even if Hester had asserted a plain error, he still couldn't prevail because he forfeited any argument that the error affected his substantial rights.

---

[1] The Supreme Court's opinion in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), is instructive. In that case, the district court relied on an erroneous PSR to arrive at an incorrect Guidelines calculation and the Court reversed on plain-error review. *Id.* at 1905. But the Court's plain-error determination was not based on the district court's reliance on the PSR's calculation. *See id.* Instead, there was plain error because the PSR itself contained an obvious error—it had double counted a previous conviction—that the district court failed to correct. *Id.* Hester does not assert that the PSR's calculation is plainly erroneous.

\* \* \*

The district court did not plainly err.  Even if it had, Hester forfeited any argument that the error affected his substantial rights. Accordingly, we affirm the sentence as procedurally reasonable.

### III

Separately, Hester challenges several conditions of his supervised release as substantively unreasonable.[2]  We will reverse conditions of supervised release "only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached."  *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (cleaned up).

Hester—as the party challenging the sentence—"bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts."  *United States v. Taylor*, 997 F.3d 1348, 1352–53 (11th Cir. 2021) (per curiam).  Generally, it's within the sentencing court's discretion to "order special conditions that: (1) are reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, and the needs for adequate deterrence, to protect the public, and to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no

---

[2] Because Hester objected to the conditions at the sentencing hearing, our review is for abuse of discretion.  *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009).

greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* at 1353.

Below, we independently address each condition that Hester challenges. None renders his sentence substantively unreasonable.

## A

Hester first challenges the condition that he "shall have no personal, mail, telephone, or computer contact with children/minors under the age of 18 or with the victim." He asserts that because the government presented "no evidence . . . indicating that [he] has a problem, or ever had a problem, with inappropriate contact with his own children," and because there was no evidence "to show that **supervised** contact with minors was not a reasonable and appropriate solution," the district court abused its discretion. Appellant's Br. at 26–27.

The district court, after considering "the sentencing guidelines" and "the factors in [18 U.S.C. §] 3553(a)," determined that "no contact with minors" was part of "a reasonable and sufficient sentence." At the sentencing hearing, the district court heard Hester's objections that the condition was overly restrictive because it might prevent him from, for example, attending family gatherings. But the court clarified that Hester could "ask his probation officer" for "an exception" "in specific instances" and, if the probation

officer denied his request, Hester could seek judicial review of that denial.

It's clear to us that the prohibition on contact with minors is reasonably related to Hester's "history and characteristics." *Taylor*, 997 F.3d at 1353. Hester was previously convicted of a sex crime involving a minor. The relationship between that conviction and the prohibition on contact with minors requires no elaboration. For the same reason, the condition is reasonably related to the need "to protect the public." *Id.*

Hester's objection boils down to whether the ban on contact with minors is overly restrictive—whether it is a "greater deprivation of liberty than is reasonably necessary." *Id.* But we've routinely upheld similar bans—subject to reasonable exceptions at the probation officer's discretion—on contact with minors for similarly situated defendants. *See, e.g.*, *Moran*, 573 F.3d at 1140; *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003) (per curiam). Because the condition is for a relatively short period of time and permits Hester to seek reasonable exceptions, the sentence does not impose any "greater deprivation of liberty than is reasonably necessary." *Taylor*, 997 F.3d at 1353; *see also United States v. Duke*, 788 F.3d 392, 401–03 (5th Cir. 2015).[3]

---

[3] The district court's written judgment does not explicitly include the caveat that Hester may seek exceptions from his probation officer. But the court unequivocally said as much when it orally pronounced his sentence at the sentencing hearing. To the extent the sentence as orally pronounced conflicts with the written judgment, the oral pronouncement controls. *United States*

## B

Next, Hester contends that the district court's requirement that he undergo mental-health, anger-management, and sex-offender evaluations and treatment—if deemed necessary by the probation officer—is unreasonable. The PSR states that Hester reported several mental illnesses from which he has suffered over the years, including post-traumatic stress disorder, active thought disorder, fugue disorder, anxiety disorder, and bipolar disorder. Apart from those mental-health issues, he has been convicted of a sex crime, as well as other violent crimes. Therefore, these conditions are "reasonably related to the . . . history and characteristics of the defendant." *Taylor*, 997 F.3d at 1353.

Hester's protestations are rooted primarily in the fact that he has previously undergone similar treatments and that he shouldn't be forced to pay for the treatments. It is possible, we suppose, that Hester's previous treatments render future treatments of limited value. But perhaps not. The district court left it up to the probation officer to make that determination, which we've previously held is not an abuse of discretion. *See Moran*, 575

*v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). Accordingly, we understand this condition of supervised release to be subject to exceptions at the parole officer's discretion—as it was orally pronounced. And that's important, because an "absolute" or unconditional prohibition on contact with minors might be more suspect. *Cf. Duke*, 788 F.3d at 402–03 (striking down an "absolute, lifetime condition prohibiting [defendant] from having any contact with minors" as an abuse of discretion).

F.3d at 1139–40. And any objection to the requirement that Hester "contribute to the cost of the treatment based on [his] ability to pay," Sent'g Tr. at 26, is "meritless," *Taylor*, 338 F.3d at 1284.

The court's belief that he should be evaluated and submit to such treatment as the probation officer deems necessary is not a "clear error of judgment." *Moran*, 573 F.3d at 1137 (quotation omitted).

## C

Finally, Hester asserts that it is unreasonable for him to "be precluded from having an encryption program on his computer" because "[h]is conviction is not related to the use of a computer in any way." Appellant's Br. at 28. It's true that his present conviction is not related to the use of a computer. But the condition is related to his general characteristics and history. Hester has "advance[d] computer skills" and previously used a computer and computer software to "carry out" a bank-fraud scheme. PSR at 9–12, 27.

Moreover, Hester has never put forth any legitimate reason that he needs an encryption program—so any deprivation of his liberty is minimal. And he does not contest that encryption software might impede the probation officer's periodic searches of his computer—so the encryption prohibition is "reasonably necessary" to give effect to the search condition.

★  ★  ★

The district court did not plainly err when it adopted the PSR's criminal-offense-level calculation. Nor did it abuse its discretion by imposing several conditions of supervised release.

**AFFIRMED.**