[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13530

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH HENRY PENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:11-cr-00034-WMR-WEJ-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Less than two months after Joseph Penson began serving his term of supervised release, he started violating its conditions. Among other things, he drove under the influence on two occasions and committed several traffic violations. The district court revoked Penson's term of supervised release and sentenced him to 13 months' imprisonment, followed by an additional three years' supervised release. As a special condition of his new term of supervised release, the district court prohibited Penson from driving a vehicle.

Penson argues on appeal that his sentence is substantively unreasonable and that the district court erred by ordering him not to drive. In addition, Penson and the government agree that the district court erred by imposing a term of supervised release that exceeds the statutory maximum. Based on the latter error, we vacate Penson's sentence in part and remand.

I.

In 2012, Penson pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to ten years' imprisonment plus three years' supervised release. He had prior felony convictions for aggravated assault, violating the Georgia Controlled Substances Act, and making a false representation on a fingerprint card. At the time of his

felon-in-possession conviction, his record also included a lengthy list of other criminal convictions, including four convictions for driving under the influence in a ten-year span.

Penson's criminal conduct continued during his term of supervised release. He was arrested twice for driving under the influence and related traffic offenses, and he admitted those violations at his revocation hearing. He also admitted to failing to report for two urinalysis screens, failing to report an arrest and other contact with law enforcement to his probation officer, driving with a suspended license, driving too fast for conditions, and failing to stop for a school bus that was loading children.

Based on those admissions, the probation officer recommended that the district court sentence Penson at the high end of the Sentencing Guidelines range to 13 months' imprisonment. Penson and the government jointly recommended only seven months' imprisonment, at the low end of the Guidelines range, plus a period of supervised release that would include an alcohol treatment program. As his counsel explained, Penson suffered from a "debilitating and serious addiction to alcohol." The district court took up the probation officer's recommendation, sentencing Penson to 13 months' imprisonment.

The district court also imposed an additional three-year term of supervised release to follow, which it called "the maximum term that the Court can order." The court attached several conditions that Penson would have to abide by during the supervised release term. In addition to requiring that Penson

participate in a substance abuse treatment program and refrain from using or possessing alcohol, the district court also prohibited him from driving a vehicle.

Penson now appeals, arguing that his term of imprisonment is substantively unreasonable and that the district court erred by restricting him from driving during his supervised release term. In response, the government says that the district court did not err on those grounds, but did erroneously exceed the maximum term of supervised release.

## II.

We generally review the substantive reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016). The same standard applies when we review the imposition of special conditions of supervised release. *United States v. Taylor*, 997 F.3d 1348, 1352 (11th Cir. 2021). We ordinarily assess the legality of a sentence imposed upon revocation of supervised release de novo. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). But when "a defendant fails to object to an error before the district court, we review the argument for plain error." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

Penson objected to his sentence only on the ground that it was substantively unreasonable. Accordingly, we review that issue for abuse of discretion, and the remaining issues for plain error.

The plain error standard requires "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 22 F.4th 1258, 1264–65 (11th Cir. 2022) (quotation omitted).

## III.

Penson first argues that his sentence of 13 months' imprisonment is substantively unreasonable. He contends that the district court should have followed the joint recommendation of seven months' imprisonment, based on his need for rehabilitation from his alcohol addiction and his stable behavior before his addiction worsened. He also says that by choosing a higher sentence, the district court improperly focused on protecting the public and deterring future offenses.

When a defendant violates conditions of supervised release, the district court has authority to revoke the term of supervised release and impose a term of imprisonment after considering most of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); *United States v. Gomez*, 955 F.3d 1250, 1257–58 (11th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to deter, to protect the public, and to provide the defendant with necessary training, care, and treatment; the kind of sentence and the sentencing range established by applicable

guidelines or policy statements; policy statements issued to further the purposes of sentencing; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to victims. 18 U.S.C. § 3583(e); *see id.* § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

A district court abuses its discretion in determining a sentence if it fails to consider relevant factors that were due significant weight, gives significant weight to improper or irrelevant factors, or commits a clear error of judgment in balancing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We may not vacate the district court's sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191. And we expect that sentences within the applicable sentencing range will be reasonable. *See Gomez*, 955 F.3d at 1260.

The core of Penson's challenge is that the district court erred when weighing the proper factors. But the court has substantial discretion when it conducts this balancing, and it may accord "greater weight to one or more factors than to the others." *Id.* at 1257. Even if the district court put the most weight on protecting the public and deterring Penson from future offenses, as Penson contends, the court did not abuse its discretion by doing so. Penson admitted to driving under the influence multiple times while on supervised release, and the district court appropriately reasoned that a sentence at the high end of the Guidelines range would deter him from engaging in behavior that puts himself and others at risk.

The district court's decision to impose a higher sentence, in line with the probation officer's recommendation, was substantively reasonable.

## IV.

Penson next argues that the district court erred by prohibiting him from driving as a special condition of supervised release. A district court may impose special conditions that (1) "are reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, and the needs for adequate deterrence, to protect the public, and to provide the defendant with needed training, medical care, or correctional treatment in an effective manner"; (2) "involve no greater deprivation of liberty than is reasonably necessary"; and (3) "are consistent with any pertinent policy statements issued by the Sentencing Commission." *Taylor*, 997 F.3d at 1353; 18 U.S.C. § 3583(d); *see* U.S. Sentencing Guidelines § 5D1.3(b) (Nov. 2018). The court must also consider "what conditions best accomplish the purposes of sentencing." *Taylor*, 997 F.3d at 1353.

Out of the several conditions that the district court imposed, Penson challenges only the prohibition against driving a vehicle. He argues that the condition is not reasonably related to the sentencing factors and deprives his liberty to a greater degree than necessary. We conclude that the district court did not plainly err.

*First*, the condition is reasonably related to the sentencing factors. Penson's extensive record of driving under the influence

and traffic offenses makes clear that the driving restriction protects the public and deters him from continuing his dangerous behavior. Penson argues that he needs to drive in order to travel to his job, to his appointments with his supervising officer, and to his alcohol treatment program. Depriving him of this means of transportation, he says, will undermine his rehabilitation. But even accepting that his inability to drive will make travel significantly less convenient, nothing in the record supports the conclusion that Penson could not use another means of transportation. And a condition does not need to be supported by all of the factors; instead, "each is an independent consideration to be weighed." *United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009) (quotation omitted). On balance, the district court appropriately determined that a complete restriction on driving was reasonably related to the relevant factors.

*Second*, the condition does not clearly involve a greater deprivation of liberty than reasonably necessary. Penson argues that the district court could have restricted him from driving outside of regular business hours only, but no binding authority supports finding a driving restriction invalid on that basis. Instead, contrary authority exists from the Sixth Circuit, which upheld an absolute prohibition on driving as a condition of a three-year term of supervised release in *United States v. Kingsley*, 241 F.3d 828, 837–40 (6th Cir. 2001). There, the court concluded that the driving restriction was reasonable given the defendant's "recidivist inclination to commit serious life-threatening vehicular offenses."

*Id.* at 838–39.    The defendant in *Kingsley* had "mentally-destabilizing chemical dependencies," including an alcohol addiction, and so could not "be trusted to responsibly drive a vehicle at *any* time, for *any* reason."    *Id.* at 839.    Similar considerations support the district court's decision not to impose a more limited driving restriction here, given Penson's criminal history and his severe alcohol addiction.  The court did not plainly err by ordering Penson not to drive during his term of supervised release.

## V.

The parties agree that the district court plainly erred by issuing a term of supervised release that exceeds the statutory limit. When a district court imposes a supervised release term to follow imprisonment upon revocation of supervised release, the new supervised release term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release.*"    18 U.S.C. § 3583(h) (emphasis added).  As our Circuit has explained, the "maximum allowable supervised release" must be set off by "the aggregate length of any terms of imprisonment that have been imposed upon revocation." *Mazarky*, 499 F.3d at 1250; *see also Moore*, 22 F.4th at 1265.

The authorized term of supervised release for Penson's felon-in-possession offense was three years.  18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2).  So the maximum term of supervised release

that Penson could receive, following 13 months' imprisonment, was 23 months. The three-year term of supervised release that the district court imposed was 13 months too long.

This error warrants correction under the plain error standard. *Moore*, 22 F.4th at 1264–65. The error is plain under the text of § 3583(h) and this Circuit's decisions, it affects substantial rights by exposing Penson to an unauthorized term of supervised release, and it undermines judicial proceedings by causing "an unnecessary deprivation of liberty." *See id.* at 1265 (quotation omitted).

★      ★      ★

We **AFFIRM** the term of imprisonment and the special condition of supervised release. We **VACATE** the term of supervised release and **REMAND** for the district court to resentence Penson to serve no more than 23 months of supervised release consistent with this opinion.