**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11502

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RENE BRAVO,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00066-CEM-RMN-1

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Rene Bravo appeals the district court's imposition of a standard condition of supervised release that requires him to work full-

time and special conditions that require him to submit to polygraph testing and have no direct contact with minors, as part of his sentence for attempted coercion and enticement of a minor to engage in sexual activity. Bravo contends the district court's imposition of these supervised release conditions rendered his sentence substantively unreasonable because the court did not explain why it imposed these arbitrary conditions. He asserts the full-time employment condition was arbitrary because he receives retirement income and will be eligible for social security benefits upon his release from prison, the polygraph condition is arbitrary because he did not commit a crime of dishonesty, and the prohibition of direct contact with all minors is arbitrary because his offense did not involve male minors.

Section 5D1.3(c) of the Sentencing Guidelines lists standard conditions of supervised release, including as relevant: "[t]he defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so." U.S.S.G. § 5D1.3(b)(2)(G). A district court may also order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public,

and rehabilitation; and (3) is consistent with any pertinent Sentencing Commission policy statements. 18 U.S.C. §§ 3583(d)(l)–(3), 3553(a)(1), (a)(2)(B)–(D); U.S.S.G. § 5D1.3(b)(1). It is not necessary for a special condition to be supported by each § 3553(a) factor, but rather, each factor is an independent consideration to be weighed. *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010).

In *United States v. Zinn*, the defendant pleaded guilty to possession of child pornography and was sentenced to a term of incarceration followed by supervised release, subject to the special condition that, "[he] shall have no direct contact with minors under the age of 18 without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including schools, day care centers, theme parks, playgrounds, et cetera." 321 F.3d 1084, 1086-87 (11th Cir. 2003). He challenged, for the first time on appeal, the no contact with minors special condition of supervised release, and we concluded the district court did not err and affirmed without further discussion. *Id*. at 1088. He also challenged the special condition that he submit to polygraph testing, which we affirmed on the basis that he had severe psychological problems, and this condition was reasonably related to his offense and personal history. *Id*. at 1089-90.

In *United States v. Taylor*, the defendant pleaded guilty to using the internet "to transmit information about a minor with the intent to entice, encourage, offer, or solicit any person to engage in [criminal] sexual activity with the minor" and to possession of a

firearm by a convicted felon.  338 F.3d 1280, 1282 (11th Cir. 2003) (quotation marks omitted).  As part of his sentence, the court  imposed a polygraph testing provision, which Taylor challenged.  *Id.* at 1283.  We rejected his challenge, determining the polygraph testing was reasonably related to his conviction, was not vague, and did not violate the Fifth Amendment privilege against self-incrimination.  *Id.* at 1283-83.  The court also imposed the special condition of supervised release that he have no direct contact with minors without his probation officer's written approval and that he "refrain from entering into any area where children frequently congregate, including schools, day care centers, theme parks, playgrounds, etc."  *Id*. at 1286.  He challenged that condition, and, on appeal, we held the district court did not abuse its discretion in imposing the condition, citing *Zinn* and two out-of-circuit cases.  *Id*. (citing *United States v. Paul*, 274 F.3d 155, 157 (5th Cir. 2001); *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994)).

We also found there was no plain error in imposing a special condition prohibiting the defendant's contact with minors because the defendant's  argument was foreclosed by our prior decisions in *Zinn* and *Taylor* and the special condition promoted rehabilitation and protected the public.  *United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009).  We added "the district court was entitled to find that a restriction on [the defendant's] affiliation with children was justified based on previous incidents involving minor victims."  *Id*.

As an initial matter, the standard of review for Bravo's claim is plain error because he did not object to the district court's imposition of his conditions of supervised release.[1]  *See Zinn*, 321 F.3d at 1087 (stating where a defendant fails to "clearly" object to the conditions of supervised release in the district court, we review for plain error).  Bravo has not shown plain error because he has not cited any authoritative precedent from the Supreme Court or this Court holding a district court errs by imposing conditions of supervised release that require sex offenders to work full-time, submit to polygraph testing, and have no contact with minors.  *See United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (stating without explicit, on-point language in the relevant statute, "there can be no plain error where there is no precedent from the Supreme Court or us directly resolving" the issue (quotation marks omitted)).  Bravo has not shown any case law that abrogates this Court's precedent in *Zinn* or *Taylor* that upheld a sex offender's polygraph condition, or any case law that abrogates this Court's precedent in *Zinn*, *Taylor*, and *Moran* that upheld a sex offender's condition of no contact with minors.  *See Zinn*, 321 F.3d at 1088-90; *Taylor*, 338 F.3d at 1283, 1286; *Moran*, 573 F.3d at 1140; *see also United States v. White*,

---

[1] Although Bravo frames his claim on appeal as one of substantive reasonableness, this Court has held that a defendant's failure to object to his conditions of supervised release at his sentencing hearing subjects such claims to plain error review when raised for the first time on appeal.  *Zinn*, 321 F.3d at 1087.  Bravo's reiteration of his objection to his sentence's length, which he raised prior to the court's imposition of his conditions of supervised release, therefore does not preserve his claims on appeal.  *See id.*

837 F.3d 1225, 1228 (11th Cir. 2016) (explaining we are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court).

Bravo argues his full-time employment condition of supervised release is arbitrary because he receives retirement income and will be retirement age for social security purposes when released from prison, but he does not contest that he had no assets and over $60,000 of liabilities. *See United States v. Ridgeway*, 319 F.3d 1313, 1317 (11th Cir. 2003) (stating when the condition imposed is clear, and undisputed facts contained in the presentence investigation report support the condition, there is no error). He contends the full-time employment condition is also arbitrary because no fine was imposed or restitution ordered, but disregards the fact the court waived his fine and special assessment because it found he was indigent—which he does not contest. While Bravo correctly asserts the district court did not specifically find his retirement benefits and social security benefits were insufficient to sustain him financially, such a finding is unnecessary because he has not contested the PSI's assertion that he had no assets and $60,000 in liabilities, or the court's finding that he was indigent. *See id.*

Accordingly, the district court did not plainly err in imposing conditions of supervised release requiring Bravo to work full-time, submit to polygraph testing, and have no contact with minors.

**AFFIRMED.**